# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIL JOSEPH EKDAHL, III, | |
| Petitioner, | 1:13-CV-00138 LJO GSA HC |
| vs. | NEW CASE NUMBER |
| | 2:13-CV-00378-KJN HC |
| RALPH DIAZ, Warden, | |
| Respondent. | ORDER OF TRANSFER |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, Petitioner states he is a member of the class action in <u>Gilman v. Fisher</u>, Case No. 2:05-CV-00830 LKK GGH HC, and he requests that he be allowed to opt out. Since the class action that is the subject of this petition is pending in the Sacramento division of this Court, the petition should have been filed in that Court. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir.1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the Sacramento Division of the United States District Court for the Eastern District of California.

IT IS SO ORDERED.

Dated:   **February 25, 2013**                                **/s/ Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE